Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff
Dr. Paul Mark Bentley

FILED
07 NOV 30 PM 1:57
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. PAUL MARK BENTLEY,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS INC.,<br><br>Defendant. | Case No.: '07 CV 2263 BEN (WMC)<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

---

[1] 15 U.S.C. §§ 1692(a)-(e)

**COMPLAINT FOR DAMAGES**                    **PAGE 1 OF 1**

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[3]

4. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for

---

[2] Cal. Civ. Code §§ 1788.1 (a)-(b)
[3] 15 U.S.C. §§ 1692(a)-(e)

**COMPLAINT FOR DAMAGES**                                    PAGE 2 OF 2

the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[4]

5. DR. PAUL MARK BENTLEY, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of NCO FINANCIAL SYSTEMS INC., ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

6. Unless otherwise indicated, these allegations are made on information and belief. Further, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff(s), or to their attorneys, which are alleged on personal knowledge.

### JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

8. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq..

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

11. Plaintiff is a natural person who resides in the City of San Diego, County of

---

[4] Cal. Civ. Code §§ 1788.1 (a)-(b)

San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Horsham, County of Montgomery, State of Pennsylvania.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times

1 | relevant Defendant conducted business in the State of California.

19. Sometime before April 16, 2007, Plaintiff allegedly incurred financial obligations to MBNA that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

21. Sometime thereafter, but before April 16, 2007, a Paul Bentley allegedly fell behind in the payments allegedly owed on the alleged debt.

22. The Paul Bentley that allegedly fell behind in the payments allegedly owed to Defendant was not Plaintiff, DR. PAUL MARK BENTLEY.

23. The address and social security number associated with the debt does not match Plaintiff's address and social security number.

24. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before April 16, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25. On or about April 16, 2007, Defendant sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and in the name of Defendant. (See attached Plaintiff's Exhibit 1.)

26. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

27. Defendant failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the

consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiff to provide a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g. Because of this omission, Defendant also violated Cal. Civ. Code § 1788.17.

28. Defendant, a third party, and a debt collector as defined pursuant to Cal. Civ. Code § 1788.2(c), failed, in the manner prescribed by Cal. Civ. Code § 1812.700(b) or Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated the RFDCPA, Cal. Civ. Code 1788 et seq.

29. Upon receipt of this April 16, 2007 letter from Defendant, DR. PAUL MARK BENTLEY immediately checked his credit report.

30. Plaintiff's credit report contained numerous inaccuracies including accounts for Defendant, incorrect social security numbers, and incorrect addresses.

31. Plaintiff contacted the credit bureaus to report the error.

32. The credit reporting bureaus indicated that DR. PAUL MARK BENTLEY's account had been crossed with a different Paul Bentley; however they corrected the error, which included removing the negative reporting from Defendant.

33. Plaintiff then contacted the alleged original creditor, MBNA, to confirm that

    DR. PAUL MARK BENTLEY was not the Paul Bentley that owed an alleged debt.

34. MBNA confirmed that Paul Bentley had a different social security number as well as a different address than Plaintiff, DR. PAUL MARK BENTLEY, and therefore Plaintiff did not owe any debt to Defendant.

35. On or about April 18, 2007, Plaintiff DR. PAUL MARK BENTLEY wrote a letter, sent by certified mail, informing Defendant that he was not the Paul Bentley associated with this MBNA account.

36. In this letter, Plaintiff DR. PAUL MARK BENTLEY also explained this error was confirmed by the alleged original creditor, MBNA, as well as Experian, the credit reporting agency.

37. The April 18, 2007 letter, sent certified mail by Plaintiff to Defendant, disputed the validity the debt in a manner consistent with the requirements in 15 U.S.C. § 1692g(b). (See Plaintiff's Exhibit 2).

38. On or about June 25, 2007, Defendant sent, and Plaintiff received, a letter informing Plaintiff that Defendant had initiated a claim with the National Arbitration Forum in an attempt to collect the alleged debt.

39. By sending this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

40. By sending the above communication, Defendant acted in a manner that was deceptive, unfair, and unconscionable, thereby violating 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

41. Because this June 25, 2007 communication did not comply with certain provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, this communication also violated Cal. Civ. Code § 1788.17.

42. This claim for arbitration represented the threat to take an action that cannot

legally be taken and violated 15 U.S.C. § 1692e(5).

43. Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

44. This claim for arbitration made by Defendant to Plaintiff was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

45. This claim for arbitration made by Defendant to Plaintiff was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt because it was a false representation of the character, amount, or legal status of the debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(2)(A), and because this action violated 15 U.S.C. §§ 1692e and 1692e(2)(A), it also violated Cal. Civ. Code § 1788.17.

46. This claim for arbitration made by Defendant to Plaintiff was an unfair or unconscionable means to collect or attempt to collect a debt because the amount was not expressly authorized by any agreement creating the debt or permitted by law. As such, this action by Defendant violated 15 U.S.C. §§ 1692f and 1692f(1), and because this action violated 15 U.S.C. §§ 1692f and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

47. On or about June 26, 2007 Plaintiff DR. PAUL MARK BENTLEY wrote a letter, sent by certified mail, again informing Defendant that he was not the Paul Bentley associated with this MBNA account.

48. On or about June 26, 2007 Plaintiff DR. PAUL MARK BENTLEY wrote a letter, sent by certified mail to the National Arbitration Forum, informing them that he was not the Paul Bentley associated with this MBNA account.

49. On or about June 29, 2007, the National Arbitration Forum sent, and Plaintiff

received a letter stating they had received a response from Respondent and set forth a scheduling notice.

50. On or about June 29, 2007, Defendant sent, and Plaintiff received a letter stating Defendant had requested a stay in their arbitration claim against Plaintiff.

51. On or about July 2, 2007, the National Arbitration Forum sent, and Plaintiff received a letter stating they had received a request from Defendant to stay the arbitration proceeding.

52. After receiving notice of the stay, Plaintiff thought that Defendant had finally come to the same conclusion that both the alleged original creditor, MBNA, and the credit reporting agency, Experian, had come to: the fact that Plaintiff DR. PAUL MARK BENTLEY was not the Paul Bentley associated with this alleged debt.

53. However, on or about November 2, 2007, the National Arbitration Forum sent, and Plaintiff received a letter stating that Defendant had requested to lift the stay and proceed with the arbitration against Plaintiff.

54. By proceeding with arbitration before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

55. By proceeding with arbitration, Defendant acted in a manner that was deceptive, unfair, and unconscionable, thereby violating 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

56. Because this action violated certain provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, this action also violated Cal. Civ. Code § 1788.17.

57. Proceeding with arbitration represented the threat to take an action that cannot legally be taken and violated 15 U.S.C. § 1692e(5).

58. Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

59. Proceeding with arbitration was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

60. Proceeding with arbitration was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt because it was a false representation of the character, amount, or legal status of the debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(2)(A), and because this action violated 15 U.S.C. §§ 1692e and 1692e(2)(A), it also violated Cal. Civ. Code § 1788.17.

61. Proceeding with arbitration was an unfair or unconscionable means to collect or attempt to collect a debt because the amount was not expressly authorized by any agreement creating the debt or permitted by law. As such, this action by Defendant violated 15 U.S.C. §§ 1692f and 1692f(1), and because this action violated 15 U.S.C. §§ 1692f and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

64. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

67. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code

§ 1788.30(b);

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 11/30/07

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua B. Swigart, Esq.
Attorney for Plaintiff

```
        UNITED STATES
      DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

      #  144952    -  BH

      November 30, 2007
          13:52:32


      Civ Fil Non-Pris
  USAO #.: 07CV2263 CIVIL FILING
  Judge..: ROGER T BENITEZ
  Amount.:              $350.00 CK
  Check#.: BC# 2220



  Total->    $350.00


  FROM: BENTLEY V. NCO FINCANCIAL
        CIVIL FILING
```

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Dr. Paul Mark Bentley

**DEFENDANTS**
NCO Financial Systems Inc.,

FILED
'07 NOV 30 PM 1:58
'07 CV 2263 BEN (WMC)
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Montgomery
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joshua B. Swigart (SBN 225557)
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**
Unknown

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX
(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 (RFDCPA)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ 75000
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   Docket Number _____

DATE 11/30/07   SIGNATURE OF ATTORNEY OF RECORD [signature]

PAID $350 11/30/07 BH RCPT # 141952

ORIGINAL