1  Debbie P. Kirkpatrick, Esq. (SBN 207112)
   Sessions, Fishman, Nathan & Israel, L.L.P.
2  3667 Voltaire Street
   San Diego, CA  92106
3  Tel:    619/758-1891
   Fax:    619/222-3667
4  dkirkpatrick@sessions-law.biz

5  Attorney for Defendant
   NCO Financial Systems, Inc.
6

7

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11  DR. PAUL MARK BENTLEY,          )  Case No.: 07-CV 2263 BEN (WMC)
                                    )
12                                  )
              Plaintiff,            )
13       vs.                        )  NCO FINANCIAL SYSTEMS, INC.'S
                                    )  ANSWER TO COMPLAINT FOR
14                                  )  DAMAGES
    NCO FINANCIAL SYSTEMS, INC.,    )
15                                  )
                                    )
16            Defendant.            )
                                    )
17  _____ )

18

19       Defendant, NCO Financial Systems, Inc. (hereinafter "NCO"), for itself alone,

20  responds to the complaint filed by plaintiff, DR. PAUL MARK BENTLEY, as follows:

21                         INTRODUCTION

22       1.      NCO denies any and all damages, liability and wrongful conduct to the

23  extent alleged in ¶ 1.  NCO lacks sufficient information to answer the remaining

24  allegations contained in ¶ 1, and based thereon denies the same.

25       2.      NCO denies any and all damages, liability and wrongful conduct to the

26  extent alleged in ¶ 2.  NCO lacks sufficient information to answer the remaining

27  allegations contained in ¶ 2, and based thereon denies the same.

28

1

2    3.      NCO denies any and all damages, liability and wrongful conduct to the

3    extent alleged in ¶ 3.  NCO lacks sufficient information to answer the remaining

4    allegations contained in ¶ 3, and based thereon denies the same.

5    4.      NCO denies any and all damages, liability and wrongful conduct to the

6    extent alleged in ¶ 4.  NCO lacks sufficient information to answer the remaining

7    allegations contained in ¶ 4, and based thereon denies the same.

8    5.      NCO denies the allegations contained in ¶ 5.

9    6.      NCO denies the allegations contained in ¶ 6 to the extent liability or

10   wrongdoing is alleged and to the extent plaintiff seeks to join unnamed defendants

11   through said allegations.

### JURISDICTION AND VENUE

12   7.      NCO admits the allegations contained in ¶ 7 for jurisdiction purposes only.

13   8.      NCO admits plaintiff claims violations of the Rosenthal Fair Debt

14   Collection Practices Act (California Civil Code §§ 1788-1788.32) and the Fair Debt

15   Collection Practices Act (15 U.S.C. §§ 1692 et seq.), but NCO denies any and all

16   damages, liability and wrongful conduct to the extent alleged in ¶ 8.  NCO lacks

17   sufficient information to answer the remaining allegations contained in ¶ 8, and based

18   thereon denies the same.

19   9.      NCO admits the allegations contained in ¶ 9 for jurisdiction purposes only.

20   10.     NCO admits the allegations contained in ¶ 10 for venue purposes only.

### PARTIES

21

22   11.     NCO lacks sufficient information to answer the allegations contained in ¶

23   11, and based thereon denies the same.

24   12.     NCO lacks sufficient information to answer the allegations contained in

25   ¶ 12, and based thereon denies the same.

26   13.     NCO admits the allegations contained in ¶ 13.

27   14.     NCO admits that when it acts as a debt collector as defined by 15 U.S.C. §

28   1692a(6) its conduct may be governed by the applicable provisions of that statutes.

Answer of NCO Financial Systems, Inc. to Complaint

2

NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 14.

15.    NCO admits that when it acts as a debt collector as defined by Cal. Civil Code § 1788.2 its conduct may be governed by the applicable provisions of that statutes. NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 15.

16.    NCO lacks sufficient information to answer the allegations contained in ¶ 16, and based thereon denies the same.

<u>FACTUAL ALLEGATIONS</u>

17.    NCO lacks sufficient information to answer the allegations contained in ¶ 17, and based thereon denies the same.

18.    NCO admits the allegations contained in ¶ 18.

19.    NCO admits NCO Portfolio Management, Inc., placed MBNA account XXXX-XXXX-XXXX-7913 with NCO for collection on or about May 12, 2004.  NCO lacks sufficient information to answer the remaining allegations contained in ¶ 19, and based thereon denies the same.

20.    NCO lacks sufficient information to answer the allegations contained in ¶ 20, and based thereon denies the same.

21.    NCO lacks sufficient information to answer the allegations contained in ¶ 21, and based thereon denies the same.

22.     NCO lacks sufficient information to answer the allegations contained in ¶ 22, and based thereon denies the same.

23.    NCO lacks sufficient information to answer the allegations contained in ¶ 23, and based thereon denies the same.

24.    NCO admits NCO Portfolio Management, Inc., placed MBNA account XXXX-XXXX-XXXX-7913 with NCO for collection on or about May 12, 2004.  NCO

1  lacks sufficient information to answer the remaining allegations contained in ¶ 19, and

2  based thereon denies the same.

3      25.    NCO admits its records reflect correspondence was sent to plaintiff on

4  about April 10, 2007 and avers the original of said correspondence is the best evidence of

5  its contents.  Except as specifically admitted, NCO denies the remaining allegations

6  contained in ¶ 25.

7      26.    NCO admits its records reflect correspondence was sent to plaintiff on

8  about April 10, 2007 and avers the original of said correspondence is the best evidence of

9  its contents and refers all matters of law to the court.  Except as specifically admitted,

10  NCO denies the remaining allegations contained in ¶ 26.

11      27.    NCO denies the allegations contained in ¶ 27.

12      28.    NCO denies the allegations contained in ¶ 28.

13      29.    NCO lacks sufficient information to answer the allegations contained in ¶

14  29, and based thereon denies the same.

15      30.    NCO lacks sufficient information to answer the allegations contained in ¶

16  30, and based thereon denies the same.

17      31.    NCO lacks sufficient information to answer the allegations contained in ¶

18  31, and based thereon denies the same.

19      32.    NCO lacks sufficient information to answer the allegations contained in ¶

20  32, and based thereon denies the same.

21      33.    NCO lacks sufficient information to answer the allegations contained in ¶

22  33, and based thereon denies the same.

23      34.    NCO lacks sufficient information to answer the allegations contained in ¶

24  34, and based thereon denies the same.

25      35.    NCO denies the allegations contained in ¶ 35.

26      36.    NCO denies the allegations contained in ¶ 36.

27      37.    NCO denies the allegations contained in ¶ 37.

28

Answer of NCO Financial Systems, Inc. to Complaint

4

38.     NCO admits it initiated arbitration with the National Arbitration Forum. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 38.

39.     NCO denies the allegations contained in ¶ 39.

40.     NCO denies the allegations contained in ¶ 40.

41.     NCO denies the allegations contained in ¶ 41.

42.     NCO denies the allegations contained in ¶ 42.

43.     NCO denies the allegations contained in ¶ 43.

44.     NCO denies the allegations contained in ¶ 44.

45.     NCO denies the allegations contained in ¶ 45.

46.     NCO denies the allegations contained in ¶ 46.

47.     NCO admits its records reflect correspondence was received from plaintiff on about June 28, 2007 and avers the original of said correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 47.

48.     NCO lacks sufficient information to answer the allegations contained in ¶ 48, and based thereon denies the same.

49.     NCO lacks sufficient information to answer the allegations contained in ¶ 49, and based thereon denies the same.

50.     NCO admits it sent correspondence to plaintiff on or about June 29, 2007 and avers the original of said correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 50.

51.     NCO admits the National Arbitration Forum sent correspondence to the parties on or about July 2, 2007 and avers the original of said correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 51.

52.     NCO lacks sufficient information to answer the allegations contained in ¶ 52, and based thereon denies the same.

Answer of NCO Financial Systems, Inc. to Complaint

53.     NCO admits the National Arbitration Forum sent correspondence to the parties on or about November 2, 2007 and avers the original of said correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 53.

54.     NCO denies the allegations contained in ¶ 54.

55.     NCO denies the allegations contained in ¶ 55.

56.     NCO denies the allegations contained in ¶ 56.

57.     NCO denies the allegations contained in ¶ 57.

58.     NCO denies the allegations contained in ¶ 58.

59.     NCO denies the allegations contained in ¶ 59.

60.     NCO denies the allegations contained in ¶ 60.

61.     NCO denies the allegations contained in ¶ 61.

CAUSES OF ACTION CLAIMED BY PLAINTIFF

COUNT I

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 ET SEQ.

62.     NCO incorporates by reference all of the above paragraphs as though set forth in full.

63.     NCO denies the allegations contained in ¶ 63.

64.     NCO denies the allegations contained in ¶ 64 and further specifically denies that plaintiff is entitled to damages in any amount whatsoever.

COUNT II

VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

65.     NCO incorporates by reference all of the above paragraphs as though set forth in full.

66.     NCO denies the allegations contained in ¶ 66.

Answer of NCO Financial Systems, Inc. to Complaint

67.    NCO denies the allegations contained in ¶ 67 and further specifically denies that plaintiff is entitled to damages in any amount whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, NCO alleges plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, NCO alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, NCO alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

WHEREFORE, NCO respectfully requests that:

1.    Plaintiff take nothing by way of his Complaint;

2.    Judgment of dismissal be entered in favor of NCO;

3.    NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4.    NCO be granted such other and further relief as the Court deems just and proper.

Dated: 1/22/08                                    Sessions, Fishman, Nathan & Israel, LLP

                                    __/s/ Debbie P. Kirkpatrick_____
                                    Debbie P. Kirkpatrick
                                    Attorney for Defendant
                                    NCO Financial Systems, Inc.